IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHARI L. REBROOK,

    Plaintiff,

v.                                          Civil Action No. 5:07CV39
                                                    (STAMP)

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Shari L. Rebrook, filed an application on August 30, 2004 for Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act, 42 U.S.C. §§ 401-433. In the application, the plaintiff alleged disability since August 30, 2003, resulting from seizures, the residual effects of her seizures, and nerves (anxiety and depression).

The state agency denied the plaintiff's application initially and on reconsideration. Administrative Law Judge ("ALJ") Donald T. McDougall issued an unfavorable decision to the plaintiff on June 26, 2006.

The plaintiff requested review by the Appeals Council and submitted additional evidence in support of her appeal. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the

Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment. In her motion for summary judgment, the plaintiff requested remand to the Commissioner for the calculation of benefits, or, alternately, to the Secretary for further proceedings.

Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be granted for the purpose of remanding the case for further proceedings and that the defendant's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections have been filed, this Court reviews the report and recommendation of the magistrate judge for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party

opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

III. Discussion

In her motion for summary judgment, the plaintiff raised six issues. She argues that the ALJ (1) erroneously considered an outdated version of Listings 11.02 and 11.03; (2) misstated the requirements of SSR87-6 in relation to Listings 11.02 and 11.03; (3) failed to properly evaluate the "B" criteria of Listings 12.04 and 12.06; (4) erroneously rejected every medical opinion favorable to the plaintiff; (5) erroneously failed to include all of the plaintiff's limitations in her Residual Functional Capacity ("RFC") and the hypothetical example presented to the Vocational Expert ("VE"); and (6) failed to properly evaluate the plaintiff's credibility.

The Commissioner contends that (1) the plaintiff did not meet or equal the requirements of the revised Listings 11.02 and 11.03; (2) the plaintiff did not meet or equal Listings 11.02 or 11.03; (3) the ALJ properly evaluated the "B" criteria of Listings 12.04 and 12.06; (4) the ALJ properly evaluated and weighed the medical opinions; (5) the ALJ properly included in the RFC and the hypothetical example all of the plaintiff's limitations supported

by the record; and (6) the ALJ properly determined the plaintiff's credibility.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In his report and recommendation, the magistrate judge recommended that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that the case be remanded. The magistrate judge based his conclusion on four grounds:[1] the apparent application by the ALJ of outdated Listings 11.02 and 11.03; the lack of substantial

---

[1] With regard to the plaintiff's claim that the ALJ erred in his application of SSR87-6 in step three of the sequential analysis by failing to contact the plaintiff's treating physicians, the magistrate judge concluded that the ALJ had no duty to re-contact the plaintiff's treating physicians to determine the details of the plaintiff's treatment regime and her compliance with it because the record provides ample documentation of the treatment prescribed and the plaintiff's compliance.

5

evidence to support the ALJ's decision to reject the opinions of Ms. Peggy Allman, Dr. Simon McClure, and Dr. Adnan Alghadban; the failure of the ALJ to include all of the plaintiff's limitations in her RFC and hypothetical to the VE; and the ALJ's failure to properly evaluate the plaintiff's credibility.

A. <u>Application of Improper Legal Standard for Listings 11.02 and 11.03</u>

First, the magistrate judge was unable to determine whether the ALJ employed the proper legal standard during the third step of the sequential analysis required by 20 C.F.R. §§ 404.1520, 416.920.[2] According to the magistrate judge, the ALJ appears to have relied in part upon criteria from outdated Listings 11.02 and 11.03. To the extent that the ALJ relied upon outdated Listings, the magistrate judge concluded that the ALJ's evaluation was erroneous and that the case must be remanded for evaluation of the Listings using the revised standards.

B. <u>Improper Rejection of Opinions Supporting the Plaintiff</u>

The magistrate judge found that the ALJ's reasons for rejecting the opinions of Ms. Peggy Allman, Dr. Simon McClure, and Dr. Adnan Alghadban are not supported by substantial evidence. The

---

[2]The sequential analysis requires the Secretary to determine (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the plaintiff's impairment meets or equals one listed by the Secretary; (4) whether the claimant can perform his or her past work; and (5) whether the claimant is capable of performing any work in the national economy. 20 C.F.R. §§ 404-1520, 416.920.

6

ALJ rejected Ms. Allman's opinion because she failed to specify the plaintiff's "functional limitations." However, as the magistrate judge observed, Ms. Allman was under no duty to specify the plaintiff's functional limitations, and the ALJ should not have rejected Ms. Allman's opinion on that basis.

Additionally, the ALJ disregarded the entirety of Dr. McClure's opinion because it included a conclusion concerning the plaintiff's ability to work, which is an issue reserved to the Commissioner. Rejecting Dr. McClure's entire opinion simply because part of the opinion addressed an issue reserved to the Commissioner was, as the magistrate judge determined, inappropriate.

Furthermore, the ALJ rejected Dr. Alghadban's opinion because Dr. Alghadban concluded that the plaintiff was having pseudoseizures and that her seizures were induced by stress in her personal life rather than in her work environment. The ALJ also rejected Dr. Alghadban's opinion because it offered no reason why the plaintiff's seizures could not be controlled by medication. The record, however, provides ample documentation that the plaintiff continues to suffer from seizures and that, consequently, substantial support for the ALJ's dismissal of Dr. Alghadban's opinion is not present on this record. Because the ALJ's rejection of these opinions is not supported by substantial evidence, the

7

magistrate judge recommended remand for further consideration of the opinions of Ms. Allman, Dr. McClure, and Dr. Alghadban.

C. <u>Improper Exclusion of Plaintiff's Limitations</u>

The magistrate judge determined that the plaintiff's RFC and the hypothetical posed to the VE did not sufficiently account for the plaintiff's seizures, in part because the RFC and the hypothetical provide for the plaintiff missing only one day of work per month, whereas the record suggests that the plaintiff may need to miss more than one day of work per month. Further, the magistrate judge found that because the ALJ improperly rejected the opinions of Ms. Allman, Dr. McClure, and Dr. Alghadban, the plaintiff's RFC and hypothetical to the VE failed to account sufficiently for the plaintiff's concentration deficiencies. Accordingly, the magistrate judge recommended that the case be remanded for reconsideration of the plaintiff's RFC and the hypothetical posed to the VE.

D. <u>Improper Evaluation of the Plaintiff's Credibility</u>

Finally, the magistrate judge determined that the ALJ's reasons for discrediting the severity and frequency of the plaintiff's seizures are not supported by substantial evidence. The magistrate judge found that the ALJ failed to consider statements from the plaintiff's friends and family members regarding the severity of the plaintiff's seizures, that he improperly discredited Dr. Alghadban's opinion concerning the

8

plaintiff's inability to work because of her seizures, and that he impermissibly substituted his own judgment for that of a physician. Accordingly, the magistrate judge recommended that the case be remanded for further consideration of the plaintiff's credibility.

Following review of Magistrate Judge Seibert's unopposed report and recommendation, the parties' motions for summary judgment, and the extensive record in this case, this Court agrees that it is unclear whether the ALJ employed the proper legal standard during step three of the analysis; that the record does not provide substantial evidence for the ALJ's rejection of the opinions offered by Ms. Allman, Dr. McClure, and Dr. Alghadban; that the RFC and the hypothetical posed to the VE at the hearing did not sufficiently account for the plaintiff's limitations arising from her seizures; and that the record does not provide substantial evidence for the reasons the ALJ asserted for discrediting the severity and frequency of the plaintiff's seizures. Accordingly, this Court finds no clear error in the recommendation of the magistrate judge and concludes that the report and recommendation should be affirmed and adopted in its entirety; defendant's motion for summary judgment should be denied, that the plaintiff's motion for summary judgment should be granted in part and denied in part, and that the case should be remanded for further proceedings.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED, that the plaintiff's motion for summary judgment be GRANTED IN PART and DENIED IN PART. Specifically, the plaintiff's motion for summary judgment is DENIED insofar as it requests remand for the calculation of benefits and GRANTED insofar as it requests remand for further proceedings. It is further ORDERED that this case be REMANDED for further proceedings consistent with this opinion and with the report and recommendation of the magistrate judge. It is also further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 26, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE